Filed 2/10/21 P. v. Walker CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306625 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA071076) |
| v. | |
| KAMARON LEMONT WALKER, | |
| Defendant and Appellant. | |

THE COURT:

Appellant and petitioner Kamaron Lemont Walker (defendant) appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1] His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, raising no issues. On October 30, 2020, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or

_____

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

argument he might wish to have considered.  Because defendant's appeal is from an order denying post-conviction relief, he is not entitled to our independent review of the record. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038-1039, review granted Oct. 14, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  However, as defendant has filed a supplemental brief, he is entitled to our evaluation of the arguments presented in that brief.  (See *People v. Cole*, *supra*, at p. 1040.)  We affirm the order.

Defendant was charged with a codefendant of murder in the shooting death of Dion Holloway, in violation of section 187, subdivision (a).[2]  In 2009, defendant was convicted of first degree murder, and the allegation that defendant had personally and intentionally discharged a firearm which proximately caused the death of the victim, within the meaning of section 12022.53, subdivision (d), was found true.  The jury further found that defendant committed the crime for the benefit of, at the direction of, and in association with a criminal street gang, with the specific intent to promote, further and assist in criminal conduct by gang members, within the meaning of section 186.22, subdivision (b)(1)(C).  Defendant was sentenced as a second strike offender pursuant to sections 1170.12 and 667,

---

[2]  We summarize the factual background and some of the procedural history from our opinion affirming defendant's judgment.  (See *People v. Walker* (B221399, June 30, 2011 [nonpub opn.].)  Defendant had been charged with two codefendants, Eric Alexander Williams (Williams) and Juan Antonio Villatoro (Villatoro).  Prior to trial, Villatoro was granted immunity in exchange for his testimony in the case. Williams was convicted of second degree murder.  (*Ibid*.)

subdivisions (b) through (i), to a prison term of 80 years to life. The judgment was affirmed on appeal. (See *People v. Walker*, *supra*, B221399.)

In August 2019, defendant filed, pro per, a petition for resentencing pursuant to section 1170.95, which the trial court summarily denied on October 7, 2019, while the prosecutor's request for an extension of time to file a response to the petition was pending. The court found that defendant was ineligible for relief because the jury found that he personally and intentionally discharged a firearm, which caused the victim's death. On January 22, 2020, defendant filed a second petition for resentencing pursuant to section 1170.95, this time including as exhibits, excerpts from his trial transcripts and other trial documents, with a request for appointment of counsel and a declaration attesting to eligibility. The exhibits included an excerpt from Villatoro's trial testimony which, had the jury believed it, might have cast doubt on defendant's role as the actual killer in the shooting.

On February 23, 2020, the trial court again denied defendant's petition on the ground that the court had denied defendant's previous petition upon finding that he was ineligible for relief under section 1170.95. Defendant filed a timely notice of appeal from the second denial.

In his supplemental brief on appeal, defendant argues that two "petitioners"[3] were charged with murder, the jury was instructed on several theories of murder, and the jury found that one of the petitioners personally used a firearm. He concludes

_____

[3]     Defendant is the only petitioner in this proceeding. We assume that he is referring to himself and his codefendant in the 2009 trial.

that this is "sufficient proof that the petitioner who personally used a firearm was convicted as an actual killer and not under a felony murder [rule or natural and probable consequences] theory."

We agree, and the record of conviction shows that defendant was the petitioner who personally used a firearm. Defendant was convicted of first degree murder and the allegation that he personally and intentionally used a firearm to commit the crime was found true. Thus the jury implicitly found that defendant was the "actual killer," making him ineligible for relief under section 1170.95. (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410.) Moreover, the record of conviction shows that the jury found defendant committed the murder with premeditation and deliberation, which necessarily includes a finding that defendant harbored the specific intent to kill, which also makes him ineligible for relief under section 1170.95. (See *People v. Verdugo* (2020) 44 Cal.App.5th 320, 335, review granted Mar. 18, 2020, S260493.) The trial court properly looked to the record of conviction, which showed defendant was ineligible for section 1170.95 relief as a matter of law. The court did not err in summarily denying the petition. (See *Verdugo*, *supra*, at pp. 328-330; *Cornelius*, *supra*, at pp. 57-58.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P.J.          ASHMANN-GERST, J.          CHAVEZ, J.

4